IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

SUZANNE PRIOR,                                  )
                                               )
                  Plaintiff,                    )    TC-MD 110950C
                                               )
        v.                                      )
                                               )
DEPARTMENT OF REVENUE,                          )
State of Oregon,                                )
                                               )
                  Defendant.                    )    **DECISION OF DISMISSAL**

This matter is before the court on Defendant's request for dismissal of the above-referenced appeal, filed by Plaintiff, challenging Defendant's Notice of Proposed Adjustment and/or Distribution (Notice) dated June 1, 2011. The tax year at issue is 2010.

The court addressed Defendant's request with the parties at a telephone case management hearing held January 3, 2012. Plaintiff appeared on her own behalf. Defendant was represented by Jan Jackman (Jackman), Operations and Policy Analyst, Other Agency Accounts, Oregon Department of Revenue (Department).

Plaintiff filed a joint income tax return for 2010. The other name on the return is James R. Gann (Gann), Plaintiff's husband. Defendant's Notice, issued in the names of Plaintiff and Gann, advised the two that their claimed refund of $479 had been used to pay an outstanding obligation to a county circuit court overseen by "OJD.[1]" The Department's legal authority to

/ / /

/ / /

---

[1] The June 1, 2011, Notice indicates that the Department "distributed part or all of you or refund to the State agencies listed below[,]" followed by the following agency identification: "CIRCUIT COURTS - OJD." (Ptf's Compl at 4.) The particular Circuit Court is not identified, but "OJD" is the acronym that stands for Oregon Judicial Department, a statewide entity.

take such action (applying a refund otherwise due to a debt owed the local or state government) lies in ORS 293.250.[2]

In her Complaint, Plaintiff asserts that the Department is in error in withholding the tax refund to pay for her "husband's DUI[,] [because] I have be[en] separated from him for 6 y[ea]rs and have nothing to do with his affairs or finances."[3] (Ptf's Compl at 1, Sec. 2.) In Section 3 of the Complaint, Plaintiff requests issuance of her "state tax refund * * *."

Plaintiff explained during the January 3, 2012, hearing, that she and her husband did not live together and that he did not provide her with any support. The two, however, are not legally divorced.

The Department moved for dismissal of the appeal, in its Answer filed October 21, 2011, because the notice was issued in the names of both Plaintiff and Gann, and only Plaintiff is named in and signed the Complaint. (Def's Ans at 1.) Gann is not a named plaintiff and he did not sign the Complaint. The Department's representative Jackman indicated in the Answer that the request for dismissal was based on the court's Complaint instructions form, which states on page 2 that, when completing the heading of the Complaint, "all taxpayers named on the document appealed must be named [in Section 1] and a must sign the complaint." (*Id*.) Jackman also states in the Answer that "defendant agrees with plaintiff's appeal[,]" and that the Department's administrative rules set forth the procedure for requesting "separate refunds," including the applicable timelines. (*Id*.) (citing OAR 150-314.415(7)(4).) Finally, the

---

[2] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2009.

[3] Although Plaintiff asserts that she is nothing to do with her husband Gann, when questioned by the court, Plaintiff explained that she and Gann filed a joint return for 2010 - six years after the couple allegedly separated - because it generated a higher refund. That return included information on Gann's 2010 wages. The couple may be separated, but there is at least enough communication and entanglement for Plaintiff and Gann to share information on each other's earnings, and to sign state and federal income tax returns.

Department indicates that Plaintiff's appeal to this court was filed within the applicable deadline for requesting a separate refund and that "defendant will forward plaintiff's request to appropriate staff, and they will proceed to review the apportionment request." (Def's Ans at 1.)

By letter dated October 24, 2011, Jackman, on behalf of the Department, advised the court that the Department withheld the entire $479 refund to pay a debt owed by Gann, and that Plaintiff's "portion of the 2010 refund is 49.6%, or $236.67." (Def's Ltr at 1, Oct 24, 2011.) Court staff telephoned Plaintiff on October 25, 2011, asking her if she was in agreement with the Department's proposed resolution whereby she would receive a partial refund. Plaintiff advised court staff that she would submit a response in writing. The court never received a response from Plaintiff. Accordingly, the court scheduled the January 3, 2012, proceeding.

Plaintiff explained during to January 3, 2012, proceeding that she would like to have received the entire $479 refund claimed on the 2010 joint return but was amenable to the Department's apportionment if that was all that was allowed by law. Plaintiff was not able to cite any law or other governing authority entitling her to the entire refund.

The court finds that the Department has granted Plaintiff all the relief available under law based on the facts in evidence, and that the appeal is therefore moot. ORS 293.250(2) authorizes the Department to "render assistance in the collection of any delinquent account owing to any state officer, board, commission, corporation, institution, department or other state organization, or to a county * * * assigned by the agency or county to which the delinquent account is owed to the Department of Revenue for collection." There is no indication that Jackman's assertion that the delinquent account was assigned to the Department for collection is incorrect or untrue. Next, ORS 314.415(7) authorizes "the department [to] make separate refunds at the request of either spouse." The statute further provides that such refunds are issued in "the same proportion

to the total refund as the adjusted gross income of each spouse bears to the adjusted gross income of both spouses * * *." (*Id.*)

Jackman explained during the January 3, 2012, proceeding, that the 49.6 percent refund allocation determination was based on Plaintiff's percentage of the couple's total reported income for 2010. After some discussion Plaintiff agreed with that statement, although she wished that the law were otherwise and that she could have the entire refund. The Department granted Plaintiff a refund based on her percentage of the total income reported on the 2010 return. The court is not aware of any legal authority under which Plaintiff could receive the entire refund under the facts in this case. Accordingly, there is no further dispute between the parties for the court to resolve. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed as moot because Plaintiff has received all the relief allowed under the law commensurate with the relief requested in the Complaint.

Dated this ___ day of January 2012.

_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on January 17, 2012. The Court filed and entered this document on January 17, 2012.*